IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-10023-STA |
| | ) | No. 17-10075-STA |
| LARRY THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTIONS FOR TRANSCRIPT

Defendant Larry Thompson has sent identical letters to the Court in the cases listed above, asking the Court to provide him with a copy of his sentencing transcript because he is financially unable to pay to obtain a copy of the transcript. The Court will construe the letters as motions for sentencing transcript.

Defendant was indicted in this Court in Case No. 17-10023 on March 13, 2017. Ultimately, that case was dismissed upon motion of the Government on December 19, 2017. Therefore, Defendant's request (DE #27) in this case is DENIED as moot.

The Court will now consider the motion for transcript in Case No. 17-10075. On August 17, 2017, Defendant waived indictment and pled guilty to a criminal information charging him with possession with intent to distribute and attempt to possess with the intent to distribute 5 grams or more of methamphetamine. Defendant's plea agreement (DE #3) acknowledged that Defendant knowingly and voluntarily waived his right to appeal his sentence under 18 U.S.C. §

1

3742.  On December 5, 2017, the Court conducted a sentencing hearing and, on that same date, entered a judgment (DE #11) imposing a sentence of 60 months imprisonment.

In the Motion before the Court, Defendant requests a free copy of the sentencing transcript. Defendant does not state any purpose for which the transcript is necessary, nor does Defendant currently have any pending actions before this Court under 28 U.S.C. § 2255.

An indigent criminal defendant may obtain a free transcript to use in preparing a motion under 28 U.S.C. § 2255 only "if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit."[1]  For the court to decide that the motion is not frivolous, a defendant must make a particularized showing of need for the transcript.[2]  "Conclusory allegations in support of a request for free transcripts do not satisfy these requirements."[3] "A federal prisoner is not entitled to obtain copies of Court records at the Government's expense to search for possible defects merely because he is indigent."[4]

Moreover, there is Sixth Circuit authority for the proposition that a transcript may not be obtained before the filing of the § 2255 motion.[5]

---

[1]  28 U.S.C. § 753(f).

[2]  *United States v. MacCollom*, 426 U.S. 317, 326 (1976).

[3]  *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008).

[4]  *Campbell v. United States*, 538 F.2d 692, 693 (5th Cir. 1976); *see United States v. Lewis*, 605 F.2d 379, 380 (8th Cir. 1979) (no post-appeal right to a transcript before filing motion under 28 U.S.C. § 2255); *Bentley v. United States*, 431 F.2d 250, 252 (6th Cir. 1970) (defendant not entitled to free transcript to search for grounds to file a motion under § 2255); *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.").

[5]  *E.g. Corrigan v. Thomas*, 55 F. App'x 754, 756 (6th Cir. 2003); *United States v.*

> If the Court is not given the benefit of some definite allegation as to the nature of the alleged illegal aspects of the judgment and sentence, it is but natural to surmise that this is a fishing expedition and that the present vague allegation of illegality is not made in good faith.[6]

Although Defendant may be financially eligible for free copies or transcripts, he does not have a motion pursuant to 28 U.S.C. § 2255 pending before the Court. Furthermore, Defendant has not shown that he has a pending § 2255 motion before any other court. The Court has no grounds on which it can conclude, as required by § 753(f), that a § 2255 motion, if filed, would not be frivolous. Therefore, Defendant's motion for a free copy of his sentencing transcript is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:   June 25, 2020

---

*Alcorn*, 10 F. App'x 248, 249 (6th Cir. 2001); *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963) (per curiam).

[6]   *Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964) (quoting *United States v. Lawler*, 172 F. Supp. 602, 605 (S.D. Tex. 1959)); *see also United States v. Fleming*, No. 98-5246, 1999 WL 107956 (6th Cir. Feb. 9, 1999), *aff'g*, No. 94-20041-G (W.D. Tenn. Dec. 31, 1997) (quoting identical language).